UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JULIA McCORMICK							CIVIL ACTION NO. 06-2240

versus									JUDGE HICKS

JAY D. FLETCHALL, ET AL.					MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Julia McCormick ("Plaintiff") alleged in her state court petition that defendants are at fault for injuries she suffered when her Lincoln Town Car was struck by a tractor trailer rig that attempted to change lanes and struck her car. Plaintiff does not provide any details with respect to her injuries other than an allegation that she "sustained serious physical injuries as a result of this accident, including but not limited to, her right knee which may require surgery." Petition, ¶ 8. Plaintiff also makes an allegation that she is entitled to reasonable (but unspecified) damages for "past, present and future pain and suffering, medical expenses, loss of earning capacity, and mental anguish." ¶ 10.

Two of the defendants removed the case based on an assertion of diversity jurisdiction. Their notice of removal includes a conclusory assertion that the amount in controversy exceeds $75,000, and the removing defendants note the above-referenced allegations from Plaintiff's petition, but the defendants do not offer any additional facts relevant to the amount in controversy.

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

"There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

It is not facially apparent that Plaintiff's claims are for more than $75,000. All that the court knows is that Plaintiff was in a traffic accident and that she sustained injuries that she characterizes as "serious" and that "may" require an unidentified surgery on her knee. It cannot be determined from that description whether the possible surgery is minor, such as day-surgery for the removal of a piece of glass, or is major, reconstructive surgery that includes hospitalization and rehabilitation. Perhaps the possible surgery is something in between. Any scenario is as likely as the other under the bare facts presented.

Plaintiff's simple prayer for past, present and future damages of various sorts is also insufficient to make it facially apparent that the amount in controversy exceeds $75,000. If such a generic request were sufficient, there would be few, if any, personal injury actions that

would not satisfy the amount in controversy requirement. Virtually every personal injury petition includes a similar allegation or prayer, and the damages in controversy are often far less than $75,000.

The removing parties have added no facts, such as the amount of medical expenses, the nature and extent of the alleged injuries, or other facts that would assist them in meeting their burden on this issue. A review of jurisprudence such as Simon v. Wal-Mart, cited above, indicates substantial doubt as to whether the removing parties have satisfied their burden. Defendants will be permitted until **January 29, 2007** to file an **Amended Notice of Removal** and attempt to set forth specific facts regarding the nature of the injuries suffered, the duration, extent and nature of the medical care required by Plaintiff, the estimated amount of economic damages at stake, settlement demands, or other information relevant to the amount in controversy. Defendants may not possess detailed information at this early stage to plead such matters with precision, but more detail than is set forth in the current record is likely necessary if the case is to stay in federal court.[1]

Defendants should also plead with specificity the citizenship or domicile of the individual parties. Defendants describe Plaintiff and Mr. Pochop as each being a "resident" of a particular state. Defendant Fletchall is not mentioned in the notice of removal, but,

---

[1] Defendants in the Fifth Circuit need not remove prematurely when the extent of damages in controversy is not clear. Their 30-day period for removal is commenced by service of the original petition "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

whether he has been served or not, his citizenship is relevant to determining whether there is diversity. New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). Defendants should ensure that they allege the state where each individual defendant is a *citizen* or has his *domicile*. It is domicile rather than mere *residency* that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).

Plaintiff, if she has not already done so, should make service on defendant Fletchall. If the Amended Notice of Removal suggests that the court does have subject matter jurisdiction, a scheduling conference will not be held until all three defendants have appeared, been defaulted or been dismissed. Prompt joinder of Mr. Fletchall will expedite the resolution of this litigation.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of November, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE